UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-6142-DMG (PJWx)** | Date | February 8, 2021 |
| Title | *Rita Zass v. Bank of America* | Page | 1 of 2 |

| | |
|---|---|
| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS — ORDER TO SHOW CAUSE WHY STIPULATION AND REQUEST TO SUBSTITUTE *PRO SE* SPECIAL ADMINISTRATOR OF ESTATE FOR COUNSEL SHOULD NOT BE DENIED [22]**

On February 4, 2021, counsel for Sophie Volovnik, special administrator of the Estate of Rita Zass, filed a stipulation and request to permit Volovnik to proceed *pro se* and allow present counsel to withdraw.  [Doc. # 22.]

As a general rule, an individual has a right to represent him or herself in federal courts, in order to promote that individual's equal access to the courts.  *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct *their own cases personally* or by counsel . . . .") (emphasis added); *see also* C.D. Cal. L.R. 83-2.2.1.  In an action brought by a *pro se* litigant, the real party in interest must be the person who "by substantive law has the right to be enforced."  *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (trustee attempting to represent a trust *pro se* was not a "party" conducting his "own case personally" as required by 28 U.S.C. § 1654, as he was not the beneficial owner of the claims being asserted); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (the privilege to represent oneself *pro se* provided by 28 U.S.C. § 1654 is personal to the litigant and does not extend to other parties or entities); *see also Estate of Sharp ex rel. Sharp v. Callahan,* No. 3:12-CV-0605-TC, 2012 WL 6480845, at *1 (D. Or. Nov. 21, 2012), *report and recommendation adopted in* 2012 WL 6217530 (D. Or. Dec. 11, 2012) (granting defendant's motion to dismiss upon finding that administrator of estate could not proceed *pro se* in light of 28 U.S.C. § 1654 and Ninth Circuit precedent) (*citing inter alia C.E. Pope* and *McShane*).

Here, Plaintiff Rita Zass sued Defendant Bank of America claiming that the bank improperly froze *her* checking account and that she had intended to use the frozen funds to finance a real estate transaction.  As a result, she filed the present action and asserted seven breach of contract and other claims.  [*See* Doc. # 1-1.]  After Zass's death, the Los Angeles Superior Court – Probate Division permitted Volovnik, Zass's mother, to proceed as special

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-6142-DMG (PJWx)** | Date | February 8, 2021 |
|---|---|---|---|
| Title | *Rita Zass v. Bank of America* | Page | 2 of 2 |

administrator of Zass's estate.  [*See* Doc. # 18.]  But as noted above, Zass's claims in the instant action appear wholly personal to *her* and it does not appear, based on the above controlling precedent, that Volovnik may appear *pro se* to pursue Zass's claims.

Accordingly, counsel is **ORDERED TO SHOW CAUSE by no later than February 18, 2021** why the stipulation and request to substitute Volovnik to proceed *pro se* and permit present counsel to withdraw should not be denied.  Failure to timely or satisfactorily respond shall result in denial of the stipulation and request.

IT IS SO ORDERED.